UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KUNTA PORTER,

                Petitioner,

-vs-                                            Case No. 8:09-cv-2119-T-33TGW

SECRETARY, DEPT. OF CORRECTIONS,
et al.,

                Respondents.
_____/

## **ORDER**

This cause is before the Court on Kunta Porter's emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Attachment 1 - copy of Porter's emergency petition). A review of the Florida Department of Corrections website shows that Porter was sentenced to five life sentences on December 14, 1999, and to another life sentence for first degree murder on April 24, 2001. These offenses occurred in 1997. (See Attachment 2 - printout from the Florida Department of Corrections website).

Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

A search of this Court's database reveals that Porter has never filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging any of his 1997 convictions. Thus, his present emergency petition is time-barred.

Porter has not shown that any extraordinary circumstances require the tolling of the one-year period.

Accordingly, the Court orders:

That Porter's petition for writ of habeas corpus is dismissed as time-barred. The Clerk is directed to enter judgment against Porter and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 20, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Kunta Porter